518 A.2d 261

**Lorraine BRENNAN, Appellant,**

v.

**PUBLIC SERVICE MUTUAL INSURANCE COMPANY.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1986.

Decided Dec. 5, 1986.

Andrew B. Cantor, Norristown, for appellant.

Marjorie C. Lawrence, Willow Grove, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent to the majority's action in this case which affirms the Superior Court.

Appellant was injured while a passenger on a borrowed motorcycle driven by the insured, but not owned by him. The Superior Court held that appellant could not seek recovery from appellee insurance company under the terms of the insured's policy which provided coverage to him while driving his insured motorcycle or a "temporary substitute automobile." Automobile includes a motorcycle, and "temporary substitute automobile" is defined by the policy as:

"an automobile not owned by the named insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction...."

Because the insured's owned motorcycle was not "withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction," the Superior Court, with Judge Del Sole dissenting, held that he was not covered by the policy. I agree with Judge Del Sole that the "temporary substitute automobile" provision is against public policy, and I would reverse the Superior Court.

I am troubled that the "temporary substitute automobile" clause, as interpreted by the lower courts and affirmed by this Court, may cause large numbers of persons paying for insurance to drive upon our highways without the protection that they believe their insurance affords both to them and to potential accident victims. Most people who procure insurance assume that they are covered if they borrow another vehicle for short periods of time even though their

own vehicle is not "broken down." The reasonable expectation of the motor vehicle insurance consumer is that the insurance covers him *or* his vehicle if, *either* is involved in a traffic accident. Clauses of the nature here involved substantially increase the liklihood that persons complying with our motor vehicle laws and procuring adequate insurance coverage for their protection and for the protection of others, may in fact be at times driving without coverage of any type, unbeknownst to them.

Moreover, even if the "temporary substitute automobile" clause did not violate public policy, I would not allow it to be applied automatically to deny coverage to appellant. At a minimum, I would require an insurance company to prove that the insured was aware of and understood that he and his guests would not be covered when he operated a borrowed vehicle unless his covered motorcycle was withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction. Given that an insurance contract such as we have here is a contract of adhesion, because the insured motor vehicle driver must purchase the insurance policy and has virtually no bargaining power nor any real ability to negotiate, I believe it is unconscionable to automatically hold the insured or his guests to the strict terms of that policy which deviate from the reasonable expectations of the insured and of motor vehicle insurance consumers generally.

This is not like an insurance policy in a commercial, business setting where unambiguous exclusion provisions in an insurance contract have been held to preclude the insured businessman from recovery in areas covered by those exclusions. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1984). Even there, this Court recognized that "in light of the manifest inequality of bargaining power between an insurance company and a purchaser of insurance, a court may on occasion be justified in deviating from the plain language of a contract of insurance." *Id.*, 503 Pa. 307, 469 A.2d 563.

I believe the instant case presents just such a situation for in no other is the inequality between the purchaser of the insurance (required motor vehicle insurance) and the insurer more manifest. In the context of the ordinary (non-business) motor vehicle insurance consumer and insurance policy, I would agree with Chief Justice Nix's position advanced in his dissenting opinion in *Standard Venetian Blind:*

> An insurance contract is essentially a contract of adhesion. Its terms are not bargained for but rather dictated by the insurer. Thus the insured's awareness and understanding of exclusions set forth in an insurance policy should not be presumed from the mere presence of such exclusions among the policy's terms. The very fact that the insurer prescribes particular exclusions indicates an assumption that the purchaser could otherwise reasonably expect to be covered against the risk so excluded.
>
> It is therefore crucial that the insurer explain and the insured understand the precise nature of the policy's limitations. For this reason I would apply the test adopted by the Superior Court in *Hionis v. Northern Mutual Insurance Co.,* 230 Pa.Super. 511, 327 A.2d 363 (1974), employed by both that court and the trial court in this matter, and hold the insured to a standard of proving the insured was aware of and fully appreciated the effect of exclusions in the insurance policy....

503 Pa. 321, 469 A.2d 563.

While the provision at issue in the instant case is not actually an "exclusion," but is rather a provision regarding and limiting "what is covered," I believe these principles are equally valid here.

Accordingly, I would reverse the order of the Superior Court in this declaratory judgment action, and declare that the appellee insurance company is obligated to defend and indemnify the insured. Alternatively, I would declare that the insurance company is so obligated unless it demonstrates that the insured was actually aware of the "tempo-

rary substitute automobile" provision and understanding of the limitations on coverage that this clause created.